IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **CEDRICK R. DAVIS,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | |
| VS. | : | |
| | : | CIVIL No: 5:11-CV-395-MTT-CHW |
| **Officer TONG GRIFFEN and** | | |
| **D.W. PEAL** | : | |
| | : | Proceedings Under 42 U.S.C. §1983 |
| **Defendant** | : | Before the U. S. Magistrate Judge |

## ORDER & RECOMMENDATION

Plaintiff **CEDRICK R. DAVIS**, a prisoner at Hancock State Prison in Sparta, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. §1983.  He also seeks leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a).  Based on Plaintiff's submissions,[1] the Court finds that Plaintiff is presently unable to prepay the filing fee.   The Court thus **GRANTS** Plaintiff's Motion to Proceed in *forma pauperis* [Doc. 2] and waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1).   Plaintiff is nevertheless obligated to pay the full filing fee, as is directed later in this Order and Recommendation. The Clerk is accordingly **DIRECTED** to send a copy of this Order & Recommendation to the business manager of Hancock State Prison.

The Court has also conducted a preliminary screening of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A(a).   Though it appears from the face of the Complaint that Plaintiff may not have exhausted his administrative remedies in this case, the Court will allow Plaintiff's claim

---

1 Though Plaintiff failed to file a prison trust account statement in the present case, the Court takes judicial notice of an account statement filed by Plaintiff in another case also before the Court which covers the relevant time period. See *Davis v. Worthen*, 5:11-cv-365-MTT-CHW [Doc. 2].

against Defendant **Tong Griffen** to go forward, as exhaustion is an affirmative defense and need not be specially pled or demonstrated in the complaint. See Jones v. Bock, 549 U.S. 199, 216, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007). It is **RECOMMENDED**, however, that Defendant **D.W. Peal** be **DISMISSED** from this action.

## STANDARD OF REVIEW

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," this Court is required to conduct a preliminary screening of his Complaint. See 28 U.S.C. § 1915A(a). In so doing, the district court must accept all factual allegations in the Complaint as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings, like the one in this case, are also "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

A district court must, nonetheless, dismiss a prisoner complaint after the initial review if (1) "it is frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); see also 28 U.S.C. §1915(2)(B) (requiring the same of prisoners proceeding *in forma pauperis*).

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint is thus properly dismissed by the district court *sua sponte* if it is found to be "without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001).

A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555-56 (2007).  A complaint's "factual allegations must be enough to raise a right to relief above the speculative level." <u>Id.</u>  In other words, the complaint must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." <u>Id.</u>  "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009).

To state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law.  <u>Hale v. Tallapoosa County</u>, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. See <u>Chappell v. Rich</u>, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming court's dismissal of a § 1983 complaint because factual allegations were insufficient to support alleged constitutional violation); <u>see also</u> 28 U.S.C. §1915A(b) (dictating that a complaint, or any portion thereof, that does not meet standard in § 1915A "shall" be dismissed).

**STATEMENT AND ANALYSIS OF CLAIMS**

The present action arises out of an alleged assault on Plaintiff Cedrick Davis at Hancock State Prison.  According to the Complaint, Defendant Officer **Tong Griffen** repeatedly kicked and slammed Plaintiff's arm in the tray flap of his cell door.  Plaintiff suffered a broken arm as a result and was hospitalized for seven hours.

Based on these allegations, the Court presumes that Plaintiff has attempted to state an Eighth Amendment claim against Defendant Griffen for the use of excessive force. The Eighth Amendment clearly "prohibits the unnecessary and wanton infliction of pain, . . the infliction of pain totally without penological justification ..., [and] the infliction of punishment grossly disproportionate to the severity of the offense." Ort v. White, 813 F.2d 318, 321 (11th Cir.1987) (citing Rhodes v. Chapman, 452 U.S. 337, 346 (1981)). To state an Eighth Amendment claim, however, a plaintiff must allege conduct that was objectively "harmful enough" to establish a constitutional violation and that the defendant "act[ed] with a sufficiently culpable state of mind," i.e., that he acted "maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 7-8 (1992).

In this case, the allegations in the Complaint, if true, suggest that Plaintiff may be able to make out an excessive force claim against Defendant Griffen. Plaintiff's claim will accordingly be allowed to go forward. The Court does note, however, that Plaintiff likely failed to exhaust his administrative remedies regarding this claim prior to filing suit. For this reason, the Court previously offered Plaintiff the opportunity to withdraw his Complaint and thereby avoid incurring liability for the filing fee and a "strike" for purposes of 28 U.S.C. § 1915(g). Plaintiff did not respond to Court's Order [Doc. 8], and the Court thus presumes that Plaintiff desires to go forward. Therefore, despite the improbability that Plaintiff had sufficient time to fully exhaust his administrative remedies, the Court will, in an abundance of caution, order that service be made on Defendant Griffen. See Okpala v. Drew, 248 Fed. Appx. 72, 73 (11th Cir. 2007) (explaining that dismissal is warranted only if the "affirmative defense appears on the face of a prisoner's complaint, thereby revealing that the prisoner cannot state a claim . . . ."); Bingham v. Thomas, 654

4

F.3d 1171, 1176 (2011) (finding that lack of exhaustion was not clear on the face of the complaint).

It is **RECOMMENDED**, however, that the second Defendant, **D.W. Peal**, be **DISMISSED** from this action. Though Plaintiff names Deputy Warden Peal in the caption of his Complaint, he makes no allegations against him. He has thus failed to state a claim against this Defendant. See Douglas v. Yates, 535 F.3d 1316, 1322 (11th Cir. 2008) (citing Pamel Corp. v. P.R. Highway Auth., 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.").

Even if Plaintiff named Defendant Peal as a party because of his supervisory position at the prison, his claim would still fail. It is well settled that supervisory officials are not liable under §1983 for the unconstitutional acts of their subordinates merely because of their position or supervisory responsibilities. Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). To state a viable §1983 claim against a supervisory official, a plaintiff must allege that the defendant personally participated in the alleged constitutional violation or that there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation. See id. Plaintiff has not, in any way, linked Defendant Peal to the constitutional violations alleged here.

Accordingly, it is hereby **ORDERED** that service be made upon Defendant **Tong Griffen** and that he file a **WAIVER OF REPLY**, an **ANSWER**, or such other response as is appropriate under Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendant is also reminded of his duty to avoid unnecessary service expenses and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

It is further **RECOMMENDED** that Defendant **D.W. Peal** be **DISMISSED** from this action. See 28 U.S.C. § 1915A(b)(1). Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned within **FOURTEEN (14)** days after being served a copy of this Order.

### DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

### DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

### FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been

served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

### **DISCOVERY**

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff. The defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE. The deposition of the plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

**IT IS HEREBY ORDERED** that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court. This 90-day period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: <u>except with written permission of the court first obtained,</u>

**INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any requests which exceed these limitations.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the court in the absence of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

### DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act, plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

**IT IS FURTHER ORDERED AND DIRECTED** that collection of monthly payments from plaintiff's trust fund account shall continue until the entire $350.00 has been collected,

notwithstanding the dismissal of plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

## PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the Prison Litigation Reform Act, in the event plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from the plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event plaintiff is released from custody and fails to remit payments. In addition, plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

**SO ORDERED and RECOMMENDED**, this 23rd day of November, 2011.

<u>s/ Charles H. Weigle</u>
Charles H. Weigle
United States Magistrate Judge